UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David J. Culver, II,　　　　　　　　　　　　　　Case No.　3:20-cv-01226

　　　　　Plaintiff

v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Job and Family Services, et al.,

　　　　　Defendants

### BACKGROUND AND HISTORY

*Pro se* Plaintiff David J. Culver, II filed this action under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e against Williams County Job and Family Services ("JFS"), and JFS Employee Calista Garza. In the Complaint, Plaintiff alleges Garza repeatedly harassed him in an attempt to take custody of his children from him. He seeks monetary damages.

Plaintiff alleges that on April 16, 2020, Garza came to his house with a police escort. He states he was not home when she arrived but came home later to discover Garza questioning his wife. She indicates that she was concerned that he had not taken his homeschooled children in for state testing and that he was a registered sexual offender with custody of his children. Plaintiff states he had just returned with the children from state testing and that the sheriff was aware of his custodial situation and did not express concern with the arrangement. He told her he was in the processing of moving. He asked to see a warrant and when one could not be produced, asked her leave. She complied with that request.

On April 19, 2020, Plaintiff arrived with his family at their new home in Florida. He claims he was greeted by Garza's call telling him she was going to take his children away from him and make sure he never saw them again. She called later that day to say that his case was closed. On April 22, 2020, Garza called Bay County Child Protective Services and asked them to investigate the living arrangement with Plaintiff's children. An agent came out to Plaintiff's father's house to interview the family. He stopped when Plaintiff indicated he wanted to speak to an attorney. They rescheduled the meeting for May 2, 2020, at Plaintiff's house so that he could see the children's living arrangements.

Plaintiff returned to Ohio to get the remainder of his belongings on April 27, 2020. He thought that he would have plenty of time to make the trip back to Florida and keep his appointment on May 2. He indicates he was also due to start his job in Florida and the children had state testing scheduled in Florida upon their return. He states that on April 28, 2020, Garza called him pretending to be a teacher from the state testing site telling Plaintiff the children had to be tested in Ohio, and not Florida. He called her office, noted that he had received 34 calls from her in one day and asked why she was harassing him if their case was closed. He contends she became angry and spoke to him very rudely.

On April 30, 2020, Plaintiff was packing some of things to take to storage when he noticed Garza at his old apartment door. She was accompanied by two other JFS Officers. Garza told him she was there to take his children. Plaintiff asked to see the court order and he claims she informed him that she did not need one. She handed him some paperwork with a court date on it. He contends she took his children to their maternal grandparents' home. Meanwhile, Plaintiff called the Child Protective Services Officer in Bay County Florida to explain what happened and to inform him that he would have to miss their meeting on May 2, 2020. He states that officer expressed that he did not see grounds for taking the children. Plaintiff contends Garza called the officer in Florida

and asked him to close his case so that she could open a case in Ohio. He claims the Florida officer had difficulty doing so because he had missed an appointment.

Plaintiff alleges that from May 3, 2020 to May 10, 2020, Garza followed him around town and harassed him. He claims she made several attempts to pull him over to sign paperwork or remind him of court dates and family meetings. He alleges she told him he would probably never make those meetings. He states she questioned his wife every day, asking for his whereabouts, his income, and where he stayed when he was in town. Plaintiff alleges Garza showed up at the apartment at which he was staying and watched him from the parking lot or just drove by slowly. He claims she followed him in stores and at work and even called some of his clients. He contends he asked her to stop but she told him she was a government official and could do whatever she wanted.

Plaintiff claims that Garza presented false testimony in court. He states she had no evidence to back her claims and he brought that to the attention of the court. Although he does not indicate what charges were brought in that case, he claims the judge found them to be without merit. He alleges he filed complaints with her supervisor and the state of Ohio, but no one pursued disciplinary action against her. He asserts his civil rights have been violated and he's been the victim of discrimination under Title VII. He seeks monetary damages for physical, mental, and emotional distress.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff fails to identify a plausible federal legal claim upon which this case can proceed. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff does not indicate a specific constitutional right he believes Garza violated.

Plaintiff states that the Defendants discriminated against him, which could be construed as a claim for denial of equal protection. The first element of an equal protection claim, however, is disparate treatment, meaning individuals in one group are treated differently than similarly situated individuals in another group, due to their membership in a protected class. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal

protection analysis is determined by the type of classification used by government decision-makers. In this case, Plaintiff does not allege that he was treated differently than others in his same situation. He indicates how he was treated but does not suggest that this treatment was different than the treatment received by others in his same situation. Furthermore, he does not indicate what he believes to have been the basis of the discrimination. He has not stated facts to plausibly satisfy the elements of an equal protection claim.

Title VII also prohibits discrimination but in the context of employment. Plaintiff does not allege employment discrimination.

The remainder of Plaintiff's claims for harassment and intention infliction of emotional distress are state law claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). I, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, I decline jurisdiction to hear Plaintiff's state law claims.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge